UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN VANOUS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00340 |
| | § | |
| BRYAN COLLIER, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff, a Texas inmate proceeding pro se, has filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending before the Court is Plaintiff's motion seeking leave to proceed *in forma pauperis* in this action. (D.E. 2). However, as discussed below, a review of court records reveals that Plaintiff is ineligible to proceed *in forma pauperis* and must pay the full filing fee to proceed.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had three prior actions dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Vanous v. Warden Akwitti, et al.*, No. 6:18-CV-00243-ADA (W.D. Tex. Jan. 18, 2019) (dismissed for failure to state a claim and as malicious); *Vanous v. Captain John Ritter, et al.*, No. 6:18-CV-00296 (W.D. Tex. Oct. 29, 2018) (dismissed for failure to state a claim); *Vanous v. C.O. Robert C. Martinez*, No. 6:19-CV-00014-ADA (W.D. Tex. Aug. 16, 2019) (dismissed for failure to state a claim). Therefore, Plaintiff is barred from proceeding *in forma pauperis* in this prisoner civil rights action unless he is in imminent danger of physical injury.

This Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time he filed this complaint. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff alleges that prison officials have violated certain safekeeping housing polices and transit inmate policies by: (1) housing Plaintiff in units that do not hold safekeeping inmates; and (2) holding him in transit status for more than 90 days. (D.E. 1, p. 4). According to Plaintiff, he has been subjected to unsafe environments by being housed in solitary

confinement and is being denied access to all prison programs. *Id.* Plaintiff offers only vague and conclusory allegations about being subjected to unsafe housing environments. Plaintiff's conclusory allegations are not supported by the allegation of specific facts from which the Court could conclude that he was in imminent danger of serious injury at the time he filed his complaint.

The Court further notes that venue may not be proper in this Court in that: (1) Plaintiff is currently not incarcerated at a prison unit located within the Corpus Christi Division of the Southern District of Texas; (2) it is not clear whether the substantial part of the events giving rise to his claims occurred at the McConnell Unit or at some other Texas prison unit located outside of this division; and (3) he does not sue a defendant residing in this division.[1] *See* 28 U.S.C. § 1391(b). Transfer of this case, however, would not be in the interest of justice given that this action is subject to dismissal as barred under the three-strikes rule. *See Jones v. Bowers*, No. 3:23-cv-548-X-BN, 2023 WL 2815866, at *2 (N.D. Tex. Mar. 21, 2023), *recommendation adopted*, 2023 WL 2816860 (N.D. Tex. Apr. 6, 2023) (citing 28 U.S.C. §§ 1404(a) and 1406(a)). Should Plaintiff pay the $405.00 filing fee as directed below in a timely manner, the Court will revisit the venue issue.

Because he has failed to allege he was in imminent danger of physical harm at the time he filed the complaint, Plaintiff is barred from proceeding *in forma pauperis*. Accordingly, Plaintiff's motion seeking leave to proceed *in forma pauperis* (D.E. 2) is **DENIED**, and his complaint is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to send a

---

[1] While Plaintiff's application to proceed *in forma pauperis* reflects he is housed at the McConnell Unit in Beeville, Texas, he indicates on the first page of his complaint that he is housed at the Holliday Unit. (D.E. 2; D.E. 1-2). The Holliday Unit, located in Huntsville, Texas, is not within the Corpus Christi Division of the Southern District of Texas. Public records further reflect that Plaintiff is currently housed at the Memorial Unit in Rosharon Texas, which also is not within this division. *See* TDCJ Offender Search Website, *available at* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06775812 (last visited on January 4, 2024).

3

copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case. Plaintiff may move to reinstate this case upon payment of the full $405.00 filing fee within **TWENTY-EIGHT (28) days** from the date of this dismissal.

It is so **ORDERED**.

SIGNED this 4th day of January, 2024.

*Nelva Gonzalez Ramos*
Nelva Gonzalez Ramos
United States District Judge

4